**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4271**

———————

UNITED STATES OF AMERICA,

                               Plaintiff - Appellee,

        versus

RAYMONT DAVID BROWN,

                               Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (CR-03-155)

———————

Submitted:  June 27, 2005          Decided:  July 19, 2005

———————

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Derrick W. Lefler, GIBSON, LEFLER & ASSOCIATES, Princeton, West Virginia, for Appellant.  Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Raymont David Brown pled guilty to distribution of a quantity of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Brown under the Federal Sentencing Guidelines to 137 months in prison. Brown timely appealed. We affirm Brown's conviction, vacate his sentence, and remand for resentencing.

Brown contends that his sentence is unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). Because he did not raise this issue in the district court, his claim is reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If the defendant establishes these requirements, the court may exercise its discretion to notice the error "only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance

of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court).

Here, the district court found that Brown was responsible for a quantity of drugs equivalent to 303.31 kilograms of marijuana; however Brown admitted responsibility only for a quantity of crack equivalent to 12.6 kilograms of marijuana. The district court also increased Brown's offense level by two levels under U.S. Sentencing Guidelines Manual § 2D1.1(b)(3) (2003) based on facts to which Brown did not admit at his plea hearing. The district court erred because the enhancements occurred under the mandatory guidelines scheme. Hughes, 401 F.3d at 547. The error was plain because Booker abrogated the previous law of this circuit.

To affect Brown's substantial rights, the sentence imposed must have been longer than what could have been imposed based on Brown's admissions alone. Id. at 548. Brown admitted to distributing a quantity of crack equivalent to 12.6 kilograms of marijuana, which, including the three-level offense level reduction awarded by the district court for acceptance of responsibility under USSG § 3E1.1(a), (b), yields an offense level of thirteen and

not the offense level of twenty-five upon which he was sentenced. Because Brown's criminal history category was VI, the district court's factual finding increased Brown's sentencing range from thirty-three to forty-one months imprisonment to 110 to 137 months imprisonment. Brown's 137-month sentence thus exceeds the sentence that could have been imposed based only on the facts admitted by Brown. We therefore conclude that the district court committed plain error that warrants correction.[1]

Independent of Blakely, Brown also contends that the district court erred by increasing his offense level by two levels under USSG § 2D1.1(b)(3). We find that, in the absence of the Booker error, enhancement under USSG § 2D1.1(b)(3) would not be improper.

For the reasons stated, we affirm Brown's conviction, vacate his sentence, and remand for resentencing consistent with Booker and Hughes.[2] We dispense with oral argument because the

---

[1]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Brown's sentencing. 401 F.3d at 545 n.4.

[2]Although the Guidelines no longer are mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reason for the

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  <u>Hughes</u>, 401 F.3d at 546.  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.